■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER T. DAVIES, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered October 29, 1965, convicting him of omission of duty by a public officer (Penal Law, § 1857), upon a jury verdict, and imposing sentence, but suspending execution of the sentence. Judgment reversed, on the law and the facts, and new trial ordered. In our opinion, the People failed to prove beyond a reasonable doubt either that defendant had reasonable cause for believing that a felony had been committed or that he should have reasonably suspected the commission of a felony, which would have warranted an arrest in the first case or temporary questioning in the second case (Code Crim. Pro., §§ 177, 180-a). Assuming, however, that the People's evidence was sufficient to sustain the judgment, we would nevertheless be constrained to reverse the judgment on either of two other grounds. First, in the context of the facts at bar, it was substantial error for the People, in selecting the jury, to refer to defendant as a suspended police officer (*People* v. *Rosenfeld*, 11 N Y 2d 290; *People* v. *Cioffi*, 1 N Y 2d 70), an error exacerbated by the People's improper attempt to elicit from defendant's police superior an entire conversation between defendant and that superior, part of which conversation had been suppressed by the court. Not only did defendant's compelled objection to the People's attempt to elicit that conversation raise an inference that he had made an inculpatory statement to his superior, but it may have encouraged in the jury a belief that defendant's suspension from

the police department was related to a departmental conclusion that he was guilty of the crimes charged in the indictment. Second, it was error to charge the jury that defendant could be found guilty of violating section 1857 of the Penal Law if he had reasonably suspected that a crime had been committed but did not arrest the suspected perpetrator. The charge thus given to the jury failed to correlate reasonable suspicion and temporary questioning on the one hand and reasonable cause and arrest on the other (see Code Crim. Pro., §§ 177, 180-a; *People* v. *Glennon*, 175 N. Y. 45). Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.